# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRAVIS J. SMITH,

    Plaintiff,

v.                                                                            Case No. 10-cv-215

K. L. LUEDTKE and JOHN SCHETTLE,

    Defendants.

---

ORDER DENYING PLAINTIFF'S MOTION TO PAY FILING FEE FROM RELEASE ACCOUNT (DOC. #32), GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE (DOC. #33), AND DENYING PLAINTIFF'S SUPPLEMENTAL MOTION TO PAY FILING FEE FROM RELEASE ACCOUNT (DOC. #35)

Plaintiff has filed two motions to pay the remaining filing fee from his release account and he seeks a court order to that effect. According to plaintiff, he has enough money in his release account to pay the balance of the filing fee. Attached to plaintiff's second motion is his trust account statement for March 2011.

The "release account" is an account into which a percentage of the inmate's income is deposited for the purchase of release clothing, out-of-state transportation, and other items and services needed on release from custody. Wis. Admin. Code § DOC 309.02(18). The release account fund is created by deducting "10% of all income earned by or received for the benefit of the inmate, except from work release and study release funds under ch. DOC 324, until $5,000 is accumulated[.]" Wis. Admin. Code § DOC 309.466(1).

Despite these Wisconsin Department of Corrections (DOC) regulations, courts have found that when a prisoner's general fund has insufficient funds to pay filing

fees, both the Wisconsin Prison Litigation Reform Act, Wis. Stat. § 814.29(1m), and the federal Prison Litigation Reform Act, 28 U.S.C. § 1915(b), authorize the courts to order that the money in a prisoner's release account be made available for that purpose. *Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002) (citing *Spence v. Cooke*, 222 Wis. 2d 530, 537 (Ct. App. 1998); *Spence v. McCaughtry*, 46 F. Supp. 2d 861 (E.D. Wis. 1999)). In this case, however, plaintiff's March 2011 trust account statement shows that he has incoming funds that can be used to pay the filing fee under the statutory formula set forth in 28 U.S.C. § 1915(b)(2). Thus, there is no basis for ordering the DOC to submit the plaintiff's filing fee from his release account.

On March 24, 2011, plaintiff filed a motion for an extension of time to complete discovery. Defendants oppose the request.

Briefing reveals that the parties have conducted discovery in good faith up to this point. However, plaintiff seeks additional time to follow-up on a request for production of documents. In view of plaintiff's *pro se* status, the court is persuaded that it is just and reasonable to allow the additional time for discovery. No further time extensions will be granted. Therefore,

**IT IS ORDERED** that plaintiff's motion to pay filing fee from release account (Docket #32) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's supplemental motion to pay filing fee from release account (Docket #35) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for 45-day extension of time to complete discovery is **GRANTED**. The deadline for completion of discovery is

**June 6, 2011**. Plaintiff's response to defendants' motion for summary judgment is due by **July 8, 2011**.

Dated at Milwaukee, Wisconsin, this 20th day of April, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge